UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
INTERCO PRODUCTS CORPORATION,

                          Plaintiff

            -against-            (S. J.)

PROCESOS MECANICOS ESPANOLES S.L.,

                          Defendant.
--------------------------------------------------------X

**COMPLAINT**

Civil Action No.:

Jury Trial Demanded

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  DEC 20 2004  ★

LONG ISLAND OFFICE

CV 04 5559

HURLEY, J.

LINDSAY, M.

Plaintiff Interco Products Corporation, by its attorney, Ruskin Moscou Faltischek, P.C.,

as and for its complaint against defendant Procesos Mecanicos Espanoles S.L., alleges as

follows:

## THE PARTIES

1.      Plaintiff Interco Products Corporation ("Interco") is a corporation duly organized

and existing under the laws of the State of New York with a principal place of business at 3

Wincoma Drive, Huntington Bay, New York 11743.

2.      Interco is engaged in the business of distributing the Weber line of carburetors

and automotive parts.

3.  Upon information and belief, defendant Procesos Mecanicos Espanoles S.L.

("Promek") is a corporation organized and existing under the laws of Spain with a principal

place of business in Guadalajara, Spain.

4.      Upon information and belief, defendant Promek manufactures the Weber line of

carburetors and replacement parts.  Upon information and belief, defendant Promek regularly

transacts business within the State of New York and contracts to supply goods, including the

products that are the subject of this case, in the State of New York.

## JURISDICTION AND VENUE

5.      Pursuant to 28 U.S.C. § 1332 (a)(2), this Court has diversity jurisdiction over this case insofar as the matter in controversy exceeds the sum or value of $75,000, and is between a citizen of the State of New York and a citizen or subject of a foreign state.

6.      Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this claim occurred in the Eastern District of New York.

## NATURE OF CASE

7.      This case arises out of defendant Promek's breach of an exclusive distribution agreement with Interco and Promek's failure to supply the agreed upon number of WEBER-brand carburetors in accordance with the terms of that agreement. As set forth below, pursuant to the terms of the exclusive distribution agreement, Interco was appointed as the exclusive distributor of Promek's WEBER-brand products within North America. In addition, defendant Promek agreed to sell a minimum number of WEBER-brand carburetors to Interco each year. Recently, however, defendant Promek has ceased supplying any carburetors to Interco in complete disregard of the terms of the parties' agreement.

8.      As a direct consequence of defendant's wrongful conduct and breach of contract, Interco has sustained monetary and other damages, including, but not limited to, lost sales, loss of profits, loss of future profits, loss of customers and damage to its business reputation and good will.

9.      As a consequence of defendant Promek's failure or refusal to fulfill all orders placed by Interco and to supply the minimum number of carburetors required under the exclusive distribution agreement, Interco has been unable to fulfill the orders by its own customers for WEBER-brand carburetors and has been forced to incur additional expenses in an effort to

2

identify alternative suppliers and obtain substitute inventory of the products previously supplied by Promek.

10.     As a result of Promek's breach of contract, Interco has sustained general and special damages in an amount now estimated to exceed $3,500,000. Accordingly, Interco seeks monetary damages in an amount to be proven at trial and now estimated to exceed $3,500,000.

## BACKGROUND FACTS

11.     The Weber line of automotive replacement products, which includes top-of-the-line carburetors, is currently manufactured in Spain by Promek.

12.     Promek sells Weber carburetors to distributors and car manufacturers worldwide.

13.     At relevant times including the period of October 2001 and thereafter, Promek supplied Interco with WEBER-brand products for distribution in North America.

### A.      The Exclusive Distribution Agreement

14.     On or about May 2, 2002, Interco and Promek entered an exclusive distribution agreement (the "Distribution Agreement"), granting Interco the exclusive right to distribute Promek's WEBER-brand products within North America. A copy of the May 2, 2002 Agreement is incorporated herein and annexed hereto as Exhibit 1.

15.     Pursuant to Paragraph A of the Distribution Agreement, Promek appointed Interco as the exclusive distributor of Promek's WEBER-brand products (the "Products") within North America, including the United States, Canada and Mexico (the "Territory"). The Products include WEBER-brand carburetors, a well-known brand of carburetors.

16.     Upon information and belief, Interco has been the exclusive authorized distributor of WEBER-brand carburetors in North America since the May 2, 2002 Distribution Agreement.

3

17.     Pursuant to Paragraph B (ii) of the Distribution Agreement, Promek is required to pay to Interco an agency fee equaling Six (6%) Percent of the face amount of all invoices for sales of Products within the Territory (the "Agency Fee").

18.     Pursuant to Paragraph C of the Distribution Agreement, Promek agreed to sell to Interco a minimum number of carburetors each year as follows:

   i.   2002 – 29,000 units.

   ii.  2003 – 36, 000 units (North America); 24,000 units (Inter-Ricambi Europe).

   iii. 2004 – 36,000 units (North America;); 24,000 units (Inter-Ricambi Europe).

19.     In addition to the above obligations, Promek agreed pursuant to Paragraph D of the Distribution Agreement to provide Interco with sales and marketing information applicable to the Products and to furnish to Interco catalogs, specifications, promotional literature and other materials pertaining to the Products, as are available from time to time, at no cost to Interco.

20.     Pursuant to Paragraph E of the Distribution Agreement, Interco owns and was granted the exclusive right to use, display, license and exploit the WEBER logo and trademarks in the Territory.  In order to effectuate this provision, Promek transferred and assigned to Interco the WEBER trademarks in the Territory, and all associated goodwill, by means of a Trademark Transfer and Assignment that accompanied the Distribution Agreement.

21.     Pursuant to Paragraph F of the Distribution Agreement, the Distribution Agreement became effective on May 2, 2002, the date on which it was duly executed by both parties, and continues in force for an initial term through December 31, 2005.  Pursuant to Paragraph F, the Distribution Agreement may only be terminated for cause.

4

22.     Finally, Pursuant to Paragraph G of the Distribution Agreement, the parties agreed that the Distribution Agreement is governed by the laws of the State of New York, without regard to conflicts of laws rules.

## B.     Defendant's Breach of the Distribution Agreement

23.     In or about June 2004, defendant Promek ceased supplying any WEBER-brand products to Interco. Despite due demand, defendant Promek has failed or refused to sell any additional WEBER-brand products, including WEBER-brand carburetors, to Interco in clear violation of the terms of the Distribution Agreement.

24.     As a result of defendant Promek's failure or refusal to sell or supply WEBER-brand products to Interco, Promek has failed to sell and supply the minimum number of carburetors to Interco as required pursuant to Paragraph C of the Distribution Agreement. This failure by Promek constitutes a material breach of the terms of the Distribution Agreement.

25.     Because of defendant Promek's failure to fulfill any orders placed by Interco after June 2004, Interco has been unable to fulfill orders placed by its customers for WEBER-brand products, including WEBER-brand carburetors. As a result, Promek has caused Interco to lose sales and profits, forced Interco to incur unnecessary expense in an effort to identify alternative suppliers and obtain substitute inventory of the products previously supplied by Promek, injured Interco's business reputation, caused Interco to sustain a loss of good will, and has exposed Interco to potential liability.

26.     As a further result of defendant Promek's breach of contract, Interco has failed to receive all Agency Fees to which it is or would be entitled to in accordance with the terms of the Distribution Agreement.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

27.    Plaintiff repeats and realleges each and every allegation contained in the

foregoing paragraphs as if set forth fully hereat.

28.    The Distribution Agreement between Interco and defendant Promek constitutes a

contract.

29.    As set forth above, defendant Promek breached the contract by, *inter alia*:

(a) failing to fulfill any orders for Products placed by Interco pursuant to the

Distribution Agreement after June 2004;

(b) failing to sell and provide the agreed upon minimum number of carburetors to

Interco; and

(c) repudiating or attempting to terminate the Distribution Agreement without any

valid cause or justification or legal right to do so.

30.    Under New York law, in every contract, including without limitation the

Distribution Agreement, there is an implied covenant of good faith and fair dealing.

31.    Promek was at all times bound to honor its implied covenant of good faith and

fair dealing.

32.    Promek breached its implied covenant of good faith and fair dealing by, *inter alia*:

(a) failing to fulfill any orders for Products placed by Interco pursuant to the

Distribution Agreement after June 2004;

(b) failing to sell and provide the agreed upon minimum number of carburetors to

Interco;

(c) repudiating and attempting to terminate the Distribution Agreement without

any valid cause or justification or legal right to do so; and

6

>                (d) failing to act in good faith and to use its best efforts to comply with the terms
>                of the Distribution Agreement.

33.     By reason of Promek's breach of contract, breach of the covenant of good faith
and fair dealing, and unlawful attempts to repudiate or terminate the Distribution Agreement,
Promek has caused and will continue to cause substantial and irreparable damage and injury to
Interco and its customers.  Such unlawful conduct will continue unless preliminarily and
permanently enjoined and restrained by this Court.

34.     At the time the parties entered into the subject contract, the parties contemplated
that Interco would suffer substantial damages and losses, including loss of customer goodwill,
loss of profits, and loss of market share, in the event of any partial or complete interruption of the
carburetor supply to be provided to Interco pursuant to the Distribution Agreement.

35.     At the time the parties entered into the subject contract, it was reasonably
foreseeable to the parties that Interco would suffer substantial damages and losses, including loss
of customer goodwill, loss of profits, and loss of market share, in the event of any partial or
complete interruption of the carburetor supply to be provided to Interco pursuant to the
Distribution Agreement.

36.     As a direct result of Promek's breach of contract, Interco has sustained monetary
and other damages, including, but not limited to, consequential damages in the form of lost sales,
loss of profits, loss of future profits, loss of customers, injury to Interco's customer goodwill,
loss of market share, and damages to Interco's business reputation.  In addition, Interco has been
forced to incur additional expenses in order to identify alternative suppliers of the products
previously supplied by Promek, and to otherwise mitigate the injury and damage caused by
defendant.

37.     As a result of the foregoing, Interco is entitled to a judgment against defendant

Promek in an amount to be proven at trial and now estimated to exceed $3,500,000, plus interest

as provided by law.

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial in this case.

WHEREFORE, plaintiff Interco Products Corporation respectfully requests that this

Court enter judgment in its favor and grant plaintiff the following relief:

(a)     On the first cause of action, a judgment permanently enjoining defendant Promek, its agents, servants, employees and representatives, and all persons acting in privity or in concert with it from violating the terms of the Distribution Agreement; and awarding Interco damages in an amount to be proven at trial and estimated to exceed $3,500,000, together with interest as provided by law;

(b)     A reasonable attorney's fee pursuant to applicable law;

(c)     The costs and disbursements of this action;

(d)     Such other and further relief as the Court deems just and proper.

Dated: Uniondale, New York
       December 20, 2004

RUSKIN MOSCOU FALTISCHEK, P.C.

By: _____
    Mark S. Mulholland (MM 9649)
    Robert F. Regan (RR 1143)
    Attorney for Plaintiff
    East Tower, 15th Floor
    190 EAB Plaza
    Uniondale, New York 11556-0190
    (516) 663-6600

TO:   Procesos Mecanicos Espanoles S.L.
      C. Cristobal Colon, 304
      Poligono Industrial "El Henares"
      19004 Guadalajara
      Spain

#299346

# EXHIBIT 1

 **Promek**

May 2nd 2002

## EXCLUSIVE NORTH AMERICAN DISTRIBUTION AGREEMENT

WHEREAS, Promek (Procesos Mecanicos Espanoles, S.L.) ("Promek") manufactures and sells WEBER-brand carburetor products; and

WHEREAS, Interco Products Corporation ("Interco") desires to distribute WEBER-brand carburetor products on an exclusive basis in the North American market;

THEREFORE, IT IS HEREBY AGREED by and between Promek and Interco as follows:

A.   APPOINTMENT AND TERRITORY.  Promek hereby appoints Interco as the exclusive distributor of Promek WEBER-brand products (the "Products"), within the geographic territory of North America, which shall include Canada, the U.S.A. and Mexico (the "Territory"). Interco hereby accepts the appointment as a distributor for Promek, on an exclusive basis, within the Territory.

B.   PAYMENT.  Payment terms for the sale and purchase of the Products as between Promek and Interco shall be as follows:
   i.   During 2002 payment shall be due after 150 Days, interest free. During 2003 and thereafter payment plus a 1% interest expense shall be due after 120 Days.
   ii.  Promek shall pay to Interco an agency fee equalling Six (6%) Percent of the face amount of all invoices for sales of Products within the Territory (the "Agency Fee"). The Agency Fee shall be due from Promek to Interco and shall be payable once every month, after the invoices corresponding to the period have been paid and successive payments to be made on the day fifteen of every month, thereafter for the life of this agreement.
   iii. Promek shall afford Interco the benefit of the lowest price available to any purchaser of the Products, at all times and for all purchases by Interco hereunder.
   iv.  In no event shall Promek assert against Interco any claim for incidental, consequential, indirect, contingent or punitive damages for any claim, act, error or breach arising under or relating to this Agreement.  Interco's sole liability hereunder shall be to pay for the Products duly ordered by, shipped to and received by Interco.

1 of 3

**Procesos Mecánicos Españoles, S.L.**
Domicilio Social: Paseo de la Habana, 74 - 28036 MADRID
Fábrica y D. Administrativa: C. Cristóbal Colón, 304 - Polígono Industrial "El Henares" - 19004 Guadalajara - España
Teléfono: +34 949 885 600 - Fax: +34 949 212 519

Inscrito en el Registro Mercantil de Madrid, al Tomo 15253 de Sociedades, Folio 199, Sección 8, Hoja número M-255472 - Inscripción 1 - N.I.F.: B - 82651992

 **MEKFIN**

041020103S
1º Hoja



C.    DISTRIBUTOR OBLIGATIONS.  Interco shall use commercially reasonable efforts to promote and sell the Products within the Territory using the WEBER logo and trademark.  Interco agrees to purchase for distribution hereunder, and Promek agrees to sell to Interco, carburetors as follows:

  i.   2002 – 29,000 units.
  ii.  2003 – 36,000 units (North America); 24,000 units (Inter-Ricambi Europe).
  iii. 2004 – 36,000 units (North America); 24,000 units (Inter-Ricambi Europe).

D.    PROMEK OBLIGATIONS.
  a.  Promek shall provide Interco with sales and marketing information applicable to the Products and shall furnish to Interco catalogs, specifications, promotional literature and other materials pertaining to the Products, as are available from time to time, at no cost to Interco.
  b.  Promek agrees to and shall indemnify, defend and hold Interco harmless from and against any and all claims, demands, judgments, expenses, losses and liabilities arising out of any product liability claim for any one or more Products.

E.    WEBER LOGO.  Interco shall own, and shall have the exclusive right to use, display, license and exploit the WEBER logo and trademarks in the Territory.  To effectuate this provision and to establish Interco's independent ability to preserve and protect the WEBER marks against infringement in the Territory, Promek is simultaneously transferring and assigning to Interco the WEBER trademarks in the Territory, and all associated goodwill, by means of the attached Trademark Transfer and Assignment (Schedule A).

F.    TERM and TERMINATION.
  a.  This Agreement shall become effective when duly executed by both parties hereto and shall continue in force for an initial term expiring december 31 of 2005, unless sooner terminated in accordance with the provisions in this Article.
  b.  This Agreement may be terminated forthwith at any time, for cause, by either party upon the giving of written notice if the other party should (a) default in any material respect in the performance of any of its material covenants in this Agreement if such default remains uncured for a period of fifteen (15) days following written notice thereof; or (b) become a party to dissolution, bankruptcy, insolvency, or receivership proceedings (other than as a creditor); or (c) be involved in a business merger or consolidation or sell substantially all of its assets.

2 of 3

**Procesos Mecánicos Españoles, S.L.**
*Domicilio Social: Paseo de la Habana, 74 - 28036 MADRID*
Fábrica y D. Administrativa: C. Cristóbal Colón, 304 - Polígono Industrial "El Henares" - 19004 Guadalajara - España
Teléfono: +34 949 885 800 - Fax: +34 949 212 519

*Inscrito en el Registro Mercantil de Madrid, al Tomo 15253 de Sociedades, Folio 199, Sección 8, Hoja número M-255478 - Inscripción 1 - N.I.F.: B - 82661992*

⊛ **MEKFIN**



c. Except as otherwise agreed by Promek and Interco, orders for the Products outstanding and unshipped on the effective date of termination of this Agreement shall be canceled at Interco's option as of said date and Interco shall have no further responsibility with respect thereto.

G.  GOVERNING LAW. In recognition of Interco's location in the State of New York, U.S.A., the parties agree that this Agreement shall be governed by the laws of the State of New York, without regard to conflicts of laws rules.

H.  ENTIRE AGREEMENT. This Agreement and attached Schedule constitute the entire contract of the parties and supersede all prior contracts, agreements, or understandings with respect to the subject matter contained herein. Failure of either party to require strict performance of any provision of this Agreement shall not in any way affect the right of such party to thereafter enforce the same. No modification of this Agreement shall be binding upon the parties hereto unless made in writing and executed by the parties hereto.

SIGNED:

PROMEK

GRUPO MEKFIN
Procesos Mecánicos
Españoles, S.L.

INTERCO

3 of 3

**Procesos Mecánicos Españoles, S.L.**
Domicilio Social: Paseo de la Habana, 74 - 28036 MADRID
Fábrica y D. Administrativa: C. Cristóbal Colón, 304 - Polígono Industrial "El Henares" - 19004 Guadalajara - España
Teléfono: 134 949 885 800 - Fax: +34 949 212 519

Inscrita en el Registro Mercantil de Madrid, al Tomo 15253 de Sociedades, Folio 199, Sección 8, Hoja número M-255472 - Inscripción 1 - N.I.F: B - 82661992

⊛ **MEKFIN**

U41C2C01C53
1ª Hoja